De Forest C. Pitt, J.
In accordance with the provisions of the Federal Elementary-Secondary Education Act of 1965 (Public Law 89-10; 79 U. S. Stat. 27) the State of New York as well as other States is provided with certain Federal funds for the purpose of financially assisting local educational agencies in the education of children of low-income families. By this article 78 proceeding the petitioner .seeks judgment directing the Commissioner of Education to allocate and distribute these funds in a manner so as to provide that the greatest per *742 centage of the same will pass to those Nassau County school districts which contain the largest number and the greatest percentage of low-income families.
The proceeding is met by a motion seeking the dismissal of the same upon the insufficiency of the petition and upon the ground that at least a portion of the relief sought is barred by the statutory time limitation. The respondent also seeks dismissal upon the ground that the plaintiff has failed to join all necessary parties.
A review of the papers submitted upon this motion clearly demonstrates that the Commissioner of Education is vested with a certain area of discretion in the administration of the subject funds, providing that he observes the purpose of the Federal legislation and acts within the guidelines set by the regulations of the United States Office of Education. The violation of this legislation or of the regulations promulgated thereunder in the implementation of the Federal legislation by the Education Department would give rise upon this proceeding to questions of illegality as well as .abuse of discretion. Such violation has not been shown, however, by the petitioner.
At most it is shown that the petitioner would desire a different formula to be applied in the allocation of these funds than that selected by the Commissioner of Education. It is indeed questionable whether such an alternative formula would itself be violative of the noted Federal legislation. However, this matter may be disposed of regardless of such issue.
It is sufficient to note merely that there has been no showing of illegality, abuse of discretion or of error of law, arbitrariness or capriciousness on the part of the Commissioner, as is in most part conceded by the petitioner. Accordingly, and in view of the very limited area of judicial review existing in matters relating to the Commissioner of Education, this court is prohibited from, in any manner, disturbing the Commissioner’s judgment in this matter.
The above renders unnecessary a discussion of the further grounds urged by the respondent for dismissal of the petition.